FILED by __DD__ D.C.

Dec 2, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

19-60359-CR-ALTMAN/HUNT

CASE NO._____

18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

HSBC PRIVATE BANK (SUISSE) SA,

    **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### Introduction

At times relevant to this Information:

1. Defendant **HSBC PRIVATE BANK (SUISSE) SA ("HSBC Switzerland" or the "Bank")** was a private bank incorporated in Switzerland. HSBC Switzerland was the product of a series of mergers and acquisitions, including HSBC Guyerzeller Bank Ltd., which merged with the Bank in 2009. HSBC Switzerland had its headquarters in Geneva, Switzerland, and maintained offices in Lugano and Zurich.

2. HSBC Switzerland provided a variety of banking and other financial services to customers both resident inside and outside of Switzerland, including providing private-banking and asset-management services to United States citizens, resident aliens, and legal permanent residents ("U.S. persons"), some of whom lived in the Southern District of Florida. HSBC Switzerland provided these services through relationship managers and other client advisors ("Bankers"), and also acted as a custodian of assets that were managed by both wholly owned and third-party fiduciary service providers.

3. HSBC Switzerland maintained some bank accounts on behalf of U.S. persons in the names of nominee entities and trusts. HSBC Guyerzeller Trust Company AG and HSBC Trust Company AG were wholly owned subsidiaries of HSBC Switzerland and were fiduciary-service providers that created and managed some of the nominee entities and trusts on behalf of HSBC clients.

4. U.S. persons were obligated to report all income earned worldwide, including from foreign bank accounts, on their tax returns and to pay the taxes due on that income. U.S. persons were also obligated to report to the Internal Revenue Service ("IRS"), on Schedule B of a U.S. Individual Income Tax Return, Form 1040, whether they had a financial interest in, or signature or other authority over, a financial account in a foreign country in a particular year and to identify the country where the account was maintained.

5. In addition, U.S. persons who had a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year were required to file a Report of Foreign Bank and Financial Accounts, Form TD 90-22.1 (since changed to FinCEN Form 114), ("FBAR"), with the Department of the Treasury.

6. An "undeclared account" was a financial account beneficially owned by a U.S. person and maintained in a foreign country that the U.S. person had not timely reported to the United States on a tax return and FBAR.

## COUNT 1
## CONSPIRACY
## 18 U.S.C. § 371

7. The factual allegations contained in Paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if copied verbatim.

8. From at least 2000 through 2010, in the Southern District of Florida and elsewhere, the defendant,

**HSBC PRIVATE BANK (SUISSE) SA,**

unlawfully, voluntarily, intentionally, and knowingly conspired and agreed with U.S. persons, HSBC Switzerland Bankers and employees, and wholly owned and third-party fiduciaries and fiduciary service providers, (1) to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, namely, federal income taxes and (2) to commit offenses against the United States, namely, violations of Title 26, United States Code, Sections 7201 and 7206(1).

9. It was an object of the conspiracy that HSBC Switzerland and its co-conspirators would conceal the offshore assets and income of U.S. persons who maintained financial accounts at HSBC Switzerland from the IRS, evade those U.S. persons' U.S. tax obligations, and file false federal tax returns with the IRS.

## Overview of the Conspiracy

10. From at least 2000 through 2010, HSBC Switzerland assisted U.S. persons in concealing their offshore assets and income from U.S. tax authorities, evading their U.S. tax obligations, and filing false federal tax returns with the IRS. By 2002, the Bank held a total of approximately 720 undeclared relationships on behalf of U.S. persons with an aggregate value of approximately $825 million. The Bank's undeclared assets under management peaked in 2007, at approximately $1.26 billion. HSBC Switzerland and its co-conspirators used Swiss bank secrecy to conceal the accounts of U.S. clients from the U.S. tax authorities, and HSBC

3

Switzerland Bankers would emphasize this to clients and prospective clients. HSBC Switzerland also provided a number of traditional Swiss banking services that further assisted its U.S. clients in concealing their accounts from the U.S. government, including the use of numerical and coded names for accounts, prepaid debit, credit, and travel cards, and hold-mail services in which the Bank would not send any account documents to the account holders.

11. HSBC Switzerland Bankers advised and assisted U.S. persons to open and maintain bank accounts in the names of nominee entities and trusts that did not serve any business purpose, in order to conceal the U.S. person's beneficial ownership of the accounts.

## Manner and Means of the Conspiracy

12. Among the manner and means by which HSBC Switzerland and its co-conspirators carried out the conspiracy were the following:

   a. HSBC Switzerland opened accounts in Switzerland for U.S. persons that the clients did not report to the United States on either Forms 1040, Schedule B, or on FBARs, and for which the U.S. persons did not report or pay taxes on account earnings to the United States. The materially false Forms 1040 that clients filed were often electronically transmitted to the IRS through the use of interstate wire communications. Funds were often transferred to or from these accounts by means of wire transfers in foreign commerce.

   b. HSBC Switzerland managed undeclared accounts for U.S. persons at the Bank.

   c. HSBC Switzerland assured U.S. clients that Swiss bank secrecy would conceal their assets and income from being disclosed to U.S. tax authorities.

   d. HSBC Switzerland provided U.S. clients with code-name or numbered accounts that provided an extra level of concealment.

e. HSBC Switzerland provided U.S. clients with prepaid debit, credit, and travel cards linked to their undeclared accounts, which allowed U.S. clients to withdraw funds remotely or pay for goods and services without a clear paper trail back to their undeclared accounts in Switzerland.

f. HSBC Switzerland provided hold-mail services, under which account statements and other documents associated with the client's account would not be sent to the client's address in the United States.

g. HSBC Switzerland created and managed nominee trusts and entities for clients via wholly owned fiduciary-service-provider companies such as HSBC Guyerzeller Trust Company AG and HSBC Trust Company AG and Cordico Management AG. HSBC Switzerland used these wholly owned fiduciary-service-provider companies to provide individuals from tax-haven countries to serve as trustees or directors of the nominee entities

h. HSBC Switzerland assisted clients in creating entities that were incorporated in offshore tax-haven jurisdictions, such as the British Virgin Islands, Liechtenstein, and Panama, for further concealment and to circumvent an agreement the Bank had with the IRS that required the Bank to report U.S. persons' ownership of accounts holding U.S. securities.

i. Beginning in 2007, in order to appear to distance itself from the tax evasion scheme, HSBC Switzerland ceased using its wholly owned subsidiaries to create and manage nominee trusts, and transferred management of these trusts to an individual fiduciary who was a former employee of the Bank.

j. Beginning in 2009, HSBC Switzerland closed accounts for U.S. persons who had $1 million or less in assets under management, or did not sign an IRS Form W-9

5

and other documents required by the policy. However, some Bankers assisted some clients in closing their accounts in a manner that continued to conceal their offshore assets, including directing their clients to other Swiss banks that were continuing to accept undeclared accounts and allowing clients to withdraw the contents of their accounts in cash.

## Overt Acts

13. In furtherance of the conspiracy and to effect the illegal objects thereof, HSBC Switzerland and other co-conspirators committed the following overt acts, among others, in the Southern District of Florida and elsewhere:

   a. On various dates between 2000 and 2010, HSBC Switzerland Bankers opened new undeclared accounts for U.S. persons in the names of nominee entities and trusts, including, for example, an HSBC Banker who convinced a client who had accounts with at least three other Swiss banks to transfer some of his assets to HSBC Switzerland and to set up his account in the name of a company established in Panama.

   b. On various dates between in or about 2005 and in or about 2007, at least four HSBC Switzerland Bankers traveled to the United States in order to meet with at least 25 different undeclared U.S. clients, and made efforts to obtain new U.S. clients.

   c. In or around 2006, an HSBC Switzerland Banker travelled to the United States and attended Design Miami, a major annual arts and design event in the Southern District of Florida, in an effort to recruit prospective U.S. clients to open undeclared accounts at HSBC Switzerland.

6

    d. In or around 2009, an HSBC Switzerland Banker allowed a U.S. client with an undeclared account holding approximately $20 million in assets under management to transfer his funds to an account in the name of his girlfriend, who was a citizen of Hong Kong. However, the U.S. client maintained control over the account, and the HSBC Switzerland Banker assured the U.S. client that the account would not be disclosed to U.S. authorities.

All in violation of Title 18, United States Code, Section 371.

*/s/ Thomas J. Mulvihill*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*/s/ Thomas P. Lanigan*
THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY

*/s/ Thomas P. Lanigan for*
STUART M. GOLDBERG
ACTING DEPUTY ASSISTANT ATTORNEY
GENERAL
TAX DIVISION

*/s/ Thomas P. Lanigan for*
MARK F. DALY
SENIOR LITIGATION COUNSEL
JASON H. POOLE
ASSISTANT CHIEF
GRACE E. ALBINSON
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                   CASE NO._____

v.

                                           **CERTIFICATE OF TRIAL ATTORNEY\***

HSBC PRIVATE BANK (SUISSE) SA,
                                           **Superseding Case Information:**
_____Defendant._____/

**Court Division**: (Select One)           New defendant(s)          Yes ____   No ____
___ Miami      ___ Key West                Number of new defendants  ____
_✓_ FTL        ___ WPB       ___ FTP       Total number of counts    ____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)

   I    0 to 5 days       ✓                Petty     ____
   II   6 to 10 days      ____             Minor     ____
   III  11 to 20 days     ____             Misdem.   ____
   IV   21 to 60 days     ____             Felony    ✓
   V    61 days and over  ____

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge                              Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)   No
   If yes: Magistrate Case No.                 _____
   Related miscellaneous numbers:              13-02 FGJ
   Defendant(s) in federal custody as of       _____
   Defendant(s) in state custody as of         _____
   Rule 20 from the District of                _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?      Yes ____   No _✓_

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?         Yes ____   No _✓_

                                          _____
                                          THOMAS P. LANIGAN
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Florida Bar No./Court No. A5500033

\*Penalty Sheet(s) attached                                    REV 8/13/2018

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** HSBC PRIVATE BANK (SUISSE) SA          **Case No:** _____

Count: 1

Conspiracy to defraud the United States

18 U.S.C. § 371

**\* Max. Penalty:** Five years' imprisonment; 3 years' supervised release; $250,000 fine

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

Count #:


**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 19-60359-CR-ALTMAN |
| HSBC PRIVATE BANK (SUISSE) SA, | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____, U.S. MAGISTRATE JUDGE
*Judge's printed name and title*